Ann K. Chapman, OSB #83283
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Roger D. Greer,<br><br>           Debtor.<br>------------------------------------------------<br><br>Roger D. Greer,<br><br>           Plaintiff,<br><br>   vs.<br><br>Carole J. Slayton, Arnie Amsden, Coldwell Banker Silverton Mountain West, LLC, and Estate of Michael Scott Greer, by and through its Trustee, Vanessa Pancic.<br><br>           Defendants. | Case No. 14-61504-tmr13<br><br><br><br><br><br><br><br>Adv. Proc. No.<br><br>COMPLAINT<br><br>(1) TURNOVER OF PROPERTY OF ESTATE;<br>(2) TURNOVER OF PROPERTY HELD BY A CUSTODIAN;<br>(3) DECLARATORY JUDGMENT; and<br>(4) VIOLATION OF THE AUTOMATIC STAY. |

## PARTIES

1. Plaintiff Roger D. Greer ("Greer") is the debtor in the above-referenced Chapter 13 case. Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, on April 23, 2014.

Page 1 of 9 -   COMPLAINT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-06071-tmr    Doc 1    Filed 05/30/14

2. Defendant Carole J. Slayton ("Slayton") is an individual residing in the State of Oregon, holder of the judgment entered in Carole J. Slayton v. Roger D. Greer and Michael S. Greer, City of Salem, Marion County Case No. 13C19380 (the "Judgment"), and a creditor of Greer.

3. Arnie Amsden ("Amsden") is an individual residing in the State of Oregon and the appointed receiver of the real property located at 420-430 Jefferson Street NE, Salem, OR 97301 and further described as follows:

> The Westerly 80 feet of the North one-half of the Northwest quarter of Block 41, NORTH SALEM, in the City of Salem, County of Marion, and State of Oregon.

(hereafter referred to as the "Jefferson Property") pursuant to the Judgment.

4. Defendant Coldwell Bank Silverton Mountain West, LLC is a Oregon Limited Liability Company doing business as NW Oregon Realty Group ("NW Oregon"). Following Amsden's departure from that group, NW Oregon acted as the *de facto* receiver as successor to Amsden. No court order or amendment to the Judgment ever formally divested Amsden of his status as the receiver.

5. Estate of Michael Scott Greer, by and through its Trustee, Vanessa Pancic, ("Estate of M. Greer") is a Chapter 7 Bankruptcy Estate created by the filing of a Chapter 7 petition by Michael Greer and bearing Case No. 141-61503-fra7; Vanesa Pancic was appointed as the Chapter 7 Trustee.

## JURISDICTION AND VENUE

6. Jurisdiction over this adversary proceeding arises under 28 U.S.C. §§ 157(b), 1334(b) and L.R. 2100-1.

7. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-06071-tmr    Doc 1    Filed 05/30/14

The matters in controversy arise under 11 U.S.C. §§ 362, 542, and 543.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a); this is a core proceeding arising in a bankruptcy case pending in this district.

9. The United States Bankruptcy Court for the District of Oregon may enter a final judgment resolving all issues raised by the Plaintiff.

## STATEMENT OF FACTS

10. On or about March 5, 2008, Greer and Michael Greer (Greer's brother) executed and delivered to Slayton a promissory note, dated March 5, 2008 in the amount of $161,000. On or about March 5, 2008, Greer and Michael Greer executed and delivered a trust deed to the Jefferson Property. The trust deed was duly recorded in Marion County on March 7, 2008 at Reel 2927, p. 251.

11. On or about December 13, 2013, the Circuit Court for the State of Oregon for the County of Marion ("Marion County Court") entered the Judgment in the amount of $175,080.04 plus interest, costs and attorney fees against Greer and Michael Greer.

12. At Paragraph 2, the Judgment provided that "Arnie Amsden be appointed as a receiver for the benefit of Plaintiff [Slayton] until the date of sale as provided herein, with the power to possess, manage, and control the property described in the complaint [the Jefferson Property], and to collect the rents, royalties, issues, and profits therefrom beginning from the date of this judgment, and to disburse such monies to Plaintiff to apply against Defendants' debts." Judgment, p. 4, ll. 15-19.

13. At all time material, NW Oregon has acted as the *de facto* receiver, collecting the rents from the Jefferson Property, managing the Jefferson Property, and disbursing funds to Slayton.

14. On or about April 14, 2014, the Marion County Court issued a writ of execution

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

directing the Marion County Sheriff to sell the Jefferson Property. No sale was ever held and no return on the writ of execution was filed with the Court.

15. On May 2, 2014, NW Oregon was informed of Greer's bankruptcy filing by telephone conference between Michael Day and counsel for Greer. At all times pertinent hereto, Michael Day was authorized to act on behalf of NW Oregon.

16. On May 2, 2014, NW Oregon held $922.40 (or such amount to be proven at trial) in rents from the Jefferson Property.

17. Between December 13, 2013 and May 2, 2014, NW Oregon took for itself from the rents from the Jefferson Property the sum of $743.40 (or such amount to be proven at trial) . On information and belief, the Marion County Court has not authorized the payment of such management fees. As such fees were not authorized, NW Oregon improperly divested the receivership of $743.40 (or such amount to be proven at trial) .

18. Accordingly, on May 2, 2014, NW Oregon had in its possession $1,665.80 (or such amount to be proven at trial) .

19. On May 15, 2014, Greer made demand on Amsden and NW Oregon for turnover of all property of the estate, in the amount of $1,665.80, pursuant to Section 543.

20. On Monday May 19, 2014, Connie Hinsdale ("Hinsdale"), a member of NW Oregon and, at all times pertinent hereto, authorized to act on behalf of NW Oregon, represented to counsel for Greer that funds held by NW Oregon had been transferred to Slayton; this transfer apparently occurred between May 12, 2014 and May 19, 2014.

21. On May 22, 2014, Trevor Cartales, counsel for Slayton, stated that no such funds had been received by Slayton.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## FIRST CLAIM FOR RELIEF
(Turnover of Property of the Estate)
(Slayton, NW Oregon, Amsden)

22. Greer hereby repeats and realleges the allegations set forth in the preceding paragraph as though fully set forth herein and incorporates the same herein by this reference.

23. The Jefferson Property and the rents, royalties, issues, and profits therefrom constitute property of the estate under Section 541.

24. Greer is entitled to possession of property of the estate pursuant to Section 1306(b).

25. Section 542 requires that any entity, other than a custodian, shall deliver and account for property of the estate.

26. Slayton has failed to comply with the requirements of Section 542 turnover by (1) acting to retain management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, (2) failed to deliver such property; (3) failing to turnover any property alleged to have been transferred to Slayton from NW Oregon, and (4) failing to account for property of the estate.

27. If NW Oregon and Amsden are not custodians for purposes of Section 543 and in the alternative to the Second Claim for Relief, NW Oregon and Amsden have both, individually, (1) acted to retain management and control of the Jefferson Property and the rents, royalties, issues, and profits therefrom, (2) failed to deliver such property, and (3) failed to account for property of the estate.

## SECOND CLAIM FOR RELIEF
(Turnover of Property of the Estate By A Custodian)
(NW Oregon, Amsden)

28. Greer hereby repeats and realleges the allegations set forth in the preceding paragraph as though fully set forth herein and incorporates the same herein by this

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

reference.

29. The Jefferson Property and the rents, royalties, issues, and profits therefrom constitute property of the estate under Section 541.

30. Section 543 requires that a custodian not make any disbursements from or take any action in the administration of property of the estate, delivery such property, and file an accounting.

31. NW Oregon and Amsden are each custodians for purposes of Section 543.

32. NW Oregon and Amsden have both, individually, (1) failed to not make any disbursements from or take any action in the administration of property of the estate, (2) failed to deliver such property, and (3) failed to file an accounting.

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment)
(All Defendants)

33. Greer hereby repeats and realleges the allegations set forth in the preceding paragraph as though fully set forth herein and incorporates the same herein by this reference.

34. On or about April 21, 2014, Michael Greer sold his interest in the Jefferson Property to Greer for $500, subject to all liens and encumbrances, evidenced in a writing compliant with ORS 41.580 for the sale of real property, or of any interest therein. The conveyance was not recorded. There is no equity in the Property.

35. As no sale was ever conducted nor was any return on the write of execution filed with the Marion County Court, ownership of the Jefferson Property remains with Greer.

Page 6 of 9 -   COMPLAINT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-06071-tmr    Doc 1    Filed 05/30/14

## FOURTH CLAIM FOR RELIEF
(Violation of the Automatic Stay)
(Slayton, NW Oregon, Amsden)

36. Greer hereby repeats and realleges the allegations set forth in the preceding paragraph as though fully set forth herein and incorporates the same herein by this reference.

37. Each and every act or omission by NW Oregon and Amsden were in the course of collection of the claim(s) of Slayton against Greer.

38. Slayton, NW Oregon, and Amsden, and each of them, violated and continue to violate 11 U.S.C. §§ 362(a)(1), (a)(6) by (1) acting to retain management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, (2) failing to deliver such property; (3) failing to turnover any property alleged to have been transferred to Slayton from NW Oregon, and (4) failing to account for property of the estate.

39. Slayton, NW Oregon, and Amsden, and each of them, willfully violated and continue to violate 11 U.S.C. §§ 362(a)(1), (a)(6) by (1) acting to retain management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, (2) failing to deliver such property; (3) failing to turnover any property alleged to have been transferred to Slayton from NW Oregon, and (4) failing to account for property of the estate.

40. Pursuant to 11 U.S.C. § 362(k), Debtor is entitled to recovery of actual damages (including economic and noneconomic damages), punitive damages, and attorney fees in an amount to be determined at trial.

**WHEREFORE**, Greer prays for judgment against Defendants and in favor of Greer as follows:

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

a. On the First Claim for Relief, ordering Slayton to provide an accounting of property of the estate and directing Slayton to turnover property of the estate, including management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, and entry of a judgment against Slayton in the amount of $1,665.80 (or such other amount as may be determined at trial);

b. On the First Claim for Relief, if NW Oregon and Amsden are not custodians for purposes of Section 543 and in the alternative to the Second Claim for Relief, ordering NW Oregon and Amsden to provide an accounting of property of the estate and directing NW Oregon and Amsden to turnover property of the estate, including management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, and entry of a judgment against NW Oregon and Amsden, jointly and severally with Slayton (as sought above) in the amount of $1,665.80 (or such other amount as may be determined at trial);

c. On the Second Claim for Relief, ordering NW Oregon and Amsden to provide an accounting of property of the estate and directing NW Oregon and Amsden to turnover property of the estate, including management and control of the Jefferson Property the rents, royalties, issues, and profits therefrom, and entry of a judgment against NW Oregon and Amsden in the amount of $1,665.80 (or such other amount as may be determined at trial);

d. On the Third Claim for Relief, declaratory relief stating that, as of the Petition Date, Greer was the owner of the Jefferson Property subject to the liens and encumbrances on the Jefferson Property on that date.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

e. On the Fourth Claim for Relief, adjudging the actions of Slayton, NW Oregon, and Amsden as violations of the Automatic Stay and entry of a judgment against Slayton, NW Oregon, and Amsden awarding actual damages, punitive damages and attorney fees in an amount to be proven at trial;

f. Awarding Greer his costs and disbursements herein; and

g. For other and further relief the Court deems just and proper.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By: /s/Christopher N. Coyle for Ann K. Chapman
    Ann K. Chapman, OSB #83283
    Douglas R. Ricks, OSB #04402
    Christopher N. Coyle, OSB #07350
    Of Attorneys for Plaintiff

Page 9 of 9 - COMPLAINT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-06071-tmr    Doc 1    Filed 05/30/14